# J.K. "Jess" Irby, Esq.



Clerk of Circuit Court



## General Index Search
« Search Form   « Court Records Menu

- Summary
    - Fields
    - Notes
- Parties
- Events
- Dockets
- Charges
- Alerts
- Bond
- Summons
- Ticklers
- Disposition
- Costs

Exhibit 1

Case Summary
**01 2020 CA 001648** - CIRCUIT CIVIL - DIV. K (JUDGE BRASINGTON)
MITCHELL-GRADY, SANDRA -VS- BOARD OF TRUSTEES OF THE UNIVERSITY OF FLORIDA

PLAINTIFF

MITCHELL-GRADY, SANDRA

DEFENDANT

BOARD OF TRUSTEES OF THE UNIVERSITY OF FLORIDA

Attorney

**Full Name**     MATTOX P.A., MARIE A

**Address**     203 N GADSDEN ST

**City/State/Zip** TALLAHASSEE, FL 32301

Attorney

**Full Name**     SNIFFEN ESQ, ROBERT J

**Address**     123 N MONROE ST

**City/State/Zip** TALLAHASSEE, FL 32301

**Phone**                                                    **Phone**

Action
DISCRIMINATION EMPLOYMENT OR OTHER

Additional Fields
 Claim Amount (example entry: 2000.00) 75000.00

Case Attributes
**Number**   01 2020 CA 001648
**Status**    OPEN
**Filed**      06/19/2020
**Incomplete** No

Agency Code          Agency Description          Agency # Type          Agency #

Username: **public_i**
Log Out


Clerk's Home Page
Public Records Online



Filing # 109093860 E-Filed 06/18/2020 10:24:22 PM

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT, IN AND
FOR ALACHUA COUNTY, FLORIDA

**SANDRA MITCHELL-GRADY,**

     **Plaintiff,**

v.

**BOARD OF TRUSTEES of the
UNIVERSITY OF FLORIDA,**

     **Defendant.**

_____/

**CASE NO.: 20-CA- 1648
FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, SANDRA MITCHELL-GRADY, hereby sues Defendant, BOARD OF

TRUSTEES of the UNIVERSITY OF FLORIDA, and alleges:

### NATURE OF THE ACTION

1.     This is an action brought under the Florida Civil Rights Act, codified at Chapter

760, Florida Statutes and Chapter 440, Florida Statutes.

2.     This action involves claims which are, individually, in excess of Thirty Thousand

Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3.     At all times pertinent hereto, Plaintiff, SANDRA MITCHELL-GRADY, has been

a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a

protected class due to her race, actual or perceived disability and/or record of impairment, and

her on the job injury sustained on or around December 4, 2018. She was retaliated against after

reporting Defendant's unlawful employment practices and after filing to obtain benefits under

Chapter 440, Florida Statutes.

4.     At all times pertinent hereto, Defendant, BOARD OF TRUSTEES of the UNIVERSITY OF FLORIDA, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.     Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on March 29, 2019. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff, a disabled black female and workers' compensation beneficiary, began her employment with Defendant on or about July 8, 2014, and held the position of Senior Administrative Assistant at the time of her termination on February 25, 2019.

7.     Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her race, actual or perceived disability, and because she reported Defendant's unlawful employment activities as well as an on the job injury and sought workers' compensation benefits and was subject to retaliation thereafter.

8.     The disparate treatment and retaliation came at the hands of specifically but not limited to Vice-President/General Counsel/Deputy General Counsel Amy Hass, Deputy General Counsel Ryan Fuller, Senior Director/ Assistant University Secretary Melissa Orth, Executive

Assistant Brigit Dermott, Executive Assistant Becky Holt, Executive Assistant/Administrative Assistant Kristina Souza, and Attorney Ana Spiguel, who are all white.

9.     Defendant is a public university that consists, in part, of several different departments. Each department is located in its own specific office belonging to Defendant and is run by the vice-president of that department. Each vice-president reports only to the president of Defendant. Examples of these departments include but are not limited to administration, construction, and accounting.

10.    Plaintiff was employed in the administration department of Defendant. There were approximately fifteen (15) employees in the administration department at the time of her employment. Out of those fifteen (15) employees, the only other black employee besides Plaintiff was Attorney Paul Stern, a bi-racial male.

11.    Soon after Plaintiff was hired, she was told by several employees of Defendant who worked in departments other than hers that there was racial discrimination and lack of cultural diversity in the workplace, and that Defendant was under scrutiny for not hiring more black employees, particularly in the administration department.

12.    Executive Assistant Becky Holt was assigned to train Plaintiff in her position as well as cross-train in Executive Assistant Holt's position as a back-up. She was immediately subjected to Executive Assistant Holt's unwillingness to train and cross-train. On or around the first week of Plaintiff's employment, Executive Assistant Holt took a week-long vacation and left her with no training.

13.    When Executive Assistant Holt returned, she gave her handbooks to read in lieu of training. However, Plaintiff was expected to know how to provide assistance to an attorney,

3

perform as acting Executive Assistant, maintain public records, and assist at the Board of Trustees' meeting.

14.     Plaintiff was immediately subjected to racially disparate treatment by Executive Assistant Holt. When Plaintiff asked Executive Assistant Holt if she treated her this way because she was black, Executive Assistant Holt replied that she had to grow up around black people and ride the bus with all blacks, who picked on her.

15.     Plaintiff reported this to Deputy General Counsel Amy Hass but no corrective action was taken. Deputy General Counsel Hass told her the reason she was treated this way by Executive Assistant Holt was that Executive Assistant Holt wanted to hire a white girl.

16.     Plaintiff was also required to perform administrative work for Attorney Ana Spiguel. Attorney Spiguel described people by color, saying things like "this black man." When she reported to her supervisor, Deputy General Counsel Ryan Fuller, that this racially discriminatory behavior made her uncomfortable, no corrective action was taken.

17.     In addition, Defendant encouraged a culture of racism in the workplace by allowing its employee, Executive Assistant/Administrative Assistant Kristina Souza, to subject Plaintiff to racist remarks such as expressing disgust over Deputy General Counsel Fuller swimming in water with black people during his work trip to Africa, and telling Plaintiff that she had never worked with a black person and did not have any black friends.

18.     When Executive Assistant Holt was hired as Senior Vice President in another department, Vice President Jamie Keith asked Plaintiff to work in Executive Assistant Holts' position until she hired another Administrative Assistant. She complied, and then requested to be considered for the position on a permanent basis. The position would have paid between

approximately $28,000 to approximately $50,000 more per year than what she earned at that time.

19.    After working in this temporary position for a short time, she realized she could not perform this position without more training. She withdrew her request after Defendant did not offer her more training.

20.    Defendant instead hired Brigit Dermott, who is white. Executive Assistant Dermott was given training and pay that Defendant never offered Plaintiff for performing the same duties.

21.    On or around September 1, 2018, Deputy General Counsel Hass, a white female, became the General Counsel and Ryan Fuller, a white male, became the Deputy General Counsel.

22.    Defendant fired Attorney Paul Stern, the only other black employee, on or around November 1, 2018. Upon information and belief, there was no justified reason for his termination.

23.    Plaintiff was denied pay raises while white employees received significant pay increases. Plaintiff asked her supervisors multiple times over a four (4) month period for a raise, and they finally gave her a pay raise of only $3,500 on or around November 15, 2019.

24.    Executive Assistant/Administrative Assistant Kristina Souza, Barbara Wood, and Senior Director/ Assistant University Secretary Melissa Orth, all white females, were personal friends with Amy Hass and were given several pay raises. Executive Assistant/Administrative Assistant Souza's pay went from approximately $54,000 to approximately $61,000 and is now approximately $83,000 with no additional job duties; Senior

Director/ Assistant University Secretary Orth's pay raise was more than approximately $20,000. Wood's pay went from approximately $48,000 to approximately $54,000.

25. Plaintiff reported this disparate treatment and no corrective action was taken. Instead, Defendant retaliated against her in a written memorandum. Plaintiff submitted a rebuttal and asked that it be placed into her personnel file with Human Resources. Defendant never submitted her rebuttal to Human Resources.

26. Because General Counsel Hass did not want Dermott as her assistant and preferred Souza, Dermott's Executive Assistant position was transferred to another department. Souza was named Executive Assistant to General Counsel Hass with an increase in pay from approximately $61,000 to approximately $84,000.

27. Thereafter, the disparate treatment worsened. Before Hass became General Counsel, Plaintiff had one supervisor like everyone else (Ryan Fuller). After Hass became General Counsel, Plaintiff's job duties changed drastically and she was assigned four (4) supervisors (Ryan Fuller, Shayne Thomas, Melissa Orth, and Amy Hass). On information and belief, no other employee in Plaintiff's position had to report to four (4) supervisors.

28. On or around December 4, 2018, Plaintiff fell at work and injured her shoulder, elbow and knee. She filed a workers' compensation claim. Defendant was aware of her serious medical condition. This medical condition limits her ability to sit, stand, walk, write, type, and lift objects.

29. On or around December 5, 2018, Defendant gave Plaintiff additional Board duties, which were a significant increase in Plaintiff's workload. Executive Assistant Souza had no Board duties. In addition to those duties, she was told that she would also be performing nearly the same duties as Executive Assistant Souza. Therefore, she would be performing more

work than Executive Assistant Souza, but be getting paid much less. At this time, Plaintiff's salary was approximately $61,000, compared with Executive Assistant Souza's salary of approximately $84,000.

30.     Also on that same date, General Counsel Hass became irate, and further humiliated Plaintiff by nearly slamming a book shut on her hand.

31.     Plaintiff was assigned a case worker for her workers' compensation claim for her injury on December 4, 2018. This case worker accompanied her to all her doctor's appointments, and spoke with Plaintiff's doctor without Plaintiff present. This is in stark contrast to Defendant's treatment of its white employees who file workers' compensation claims for legitimate injuries, specifically but not limited to Debra Hunter and Barbara Wood, who are both white females.

32.     Debra Hunter has carpal tunnel syndrome and filed a workers' compensation claim. No case worker was assigned to her workers' compensation case. No one came with her to doctor's appointments, and she was not treated less favorably by Defendant after filing her claim.

33.     Barbara Wood fell at work, injured her rear and back, and filed a workers' compensation claim. She was allowed accommodations such as working from home and was not treated less favorably after filing her claim. She was also not assigned a case worker nor accompanied to doctor's appointments.

34.     On or around February 12, 2019, Plaintiff asked Senior Director/ Assistant University Secretary Orth for a reasonable accommodation. Due to her injuries, particularly her extreme arm pain, she needed help with some of her numerous duties. She requested help with the duties that required her to run PowerPoint presentations while simultaneously taking notes as lead minute taker for seven (7) different committees in meetings that occurred nearly every day

and lasted up to eight (8) hours. Senior Director/ Assistant University Secretary Orth said that the committees could run their own PowerPoints, but this accommodation was never provided.

35.     Approximately one week after speaking with Senior Director/ Assistant University Secretary Orth, she asked another one of her supervisors, General Counsel Hass, for the same accommodation. No accommodation was provided, and Plaintiff continued to perform all of her duties, which exacerbated her conditions and caused her extreme pain. Further, no one else in a similar position had as many duties as her.

36.     She also requested help with lifting objects, as she could not carry all the heavy objects required for these meetings. Defendant did not provide an adequate accommodation. Plaintiff was provided help unloading objects for the PowerPoint presentations once she transported them to different rooms, but she was still made to load all the heavy equipment, including but not limited to computer printers, onto a dolly and push the dolly into the rooms. This duty aggravated her medical conditions.

37.     Plaintiff opposed this denial of reasonable accommodations for her disability to Defendant, and stated that it was not fair for her to be treated this way.

38.     Defendant retaliated against Plaintiff after she filed her workers' compensation claim and after she requested accommodations. During a phone call when she asked for help in running a new system that she had never been trained on, Senior Director/ Assistant University Secretary Orth screamed at her and slammed the phone down.

39.     On another occasion, General Counsel Hass became irate when she asked for help explaining the new system. General Counsel Hass snatched papers off Plaintiff's desk and stormed away.

40.     Defendant continued to mistreat her, and on or around February 25, 2019, Defendant fired Plaintiff. Defendant gave no legitimate reason for Plaintiff's termination.

41.     Because Defendant gave no legitimate reason for her termination, Plaintiff's termination was due to her race, disability, requests for accommodation for her disability, and in retaliation for reporting race discrimination in the workplace as well as filing a legitimate workers' compensation claim.

42.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

43.     Paragraphs 1 through 42 are re-alleged and incorporated herein by reference.

44.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

45.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

46.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

9

47.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

48.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

49.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

50.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

51.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## DISABILITY DISCRIMINATION

52.     Paragraphs 1 through 42 are re-alleged and incorporated herein by reference.

53.     This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes, and the Americans with Disabilities Act 42 U.S.C. §12101, et. seq.

54.     Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability.  During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

10

55.    Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant.  Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

56.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

57.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination.

58.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under Americans with Disabilities Act.

59.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

## COUNT III
## RETALIATION – SECTION 440.205

60.    Paragraphs 1 through 42 are re-alleged and incorporated herein by reference.

61.     This is an action against Defendant for retaliation under §440.205, Florida Statutes. At all times pertinent hereto, Defendant has been subject to Chapter 440, Florida Statutes.

62.     Plaintiff was employed with Defendant when she was injured on the job.  Plaintiff sought compensation and/or benefits including without limitation medical care under Chapter 440, Florida Statutes and was retaliated against for making or attempting to make such a claim.

63.     Defendant retaliated against Plaintiff because she was injured on the job and had a valid claim for compensation and benefits under Chapter 440.

64.     Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from coercing, retaliating against or otherwise adversely affecting an employee who attempts to or does claim entitlement to workers' compensation benefits under the laws of the State of Florida.

65.     As a direct and proximate cause of the actions set forth in part above, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law.  Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue today. Plaintiff is also entitled to injunctive/equitable relief.

**COUNT IV**
**RETALIATION**

66.     Paragraphs 1 through 42 are re-alleged and incorporated herein by reference.

67.     Defendant is an employer as that term is used under the applicable statutes referenced above.

68.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under

Chapter 760, Florida Statutes, the Americans with Disabilities Act and Title VII of the Federal

Civil Rights Act and other statutory provisions cited herein.

69.    The foregoing unlawful actions by Defendant were purposeful.

70.    Plaintiff voiced opposition to unlawful employment practices during Plaintiff's

employment with Defendant and was the victim of retaliation thereafter, as related in part above.

71.    Plaintiff is a member of a protected class because Plaintiff reported unlawful

employment practices and was the victim of retaliation thereafter.  There is thus a causal

connection between the reporting of the unlawful employment practices and the adverse

employment action taken thereafter.

72.    As a direct and proximate result of the foregoing unlawful acts and omissions,

Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment,

humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life,

and other tangible and intangible damages.  These damages are continuing and are permanent.

Plaintiff is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the

applicable counts set forth above, mandating Defendant's obedience to the

laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-

available general and compensatory damages and economic loss to

Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)    award Plaintiff interest where appropriate; and

(g)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 17th day of June 2020.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

14

Filing # 109093860 E-Filed 06/18/2020 10:24:22 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

| | |
|---|---|
| **I.**　**CASE STYLE** | |

IN THE CIRCUIT COURT OF THE EIGHTH   JUDICIAL CIRCUIT,
IN AND FOR ALACHUA   COUNTY, FLORIDA

Case No.:_____
Judge: _____

SANDRA MITCHELL-GRADY
Plaintiff
　　　vs.
BOARD OF TRUSTEES OF THE UNIVERSITY OF FLORIDA
Defendant

**II.**　**AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $75,000

**III.**　**TYPE OF CASE**　(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation
- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**  **REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☒  Non-monetary declaratory or injunctive relief;
☒  Punitive

**V.**  **NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>1</u>

**VI.**  **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐  Yes
☒  No

**VII.**  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒  No
☐  Yes – If "yes" list all related cases by name, case number and court:

**VIII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒  Yes
☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:  <u>s/ Marie A Mattox</u>
              Attorney or party
FL Bar No.:  <u>739685</u>
              (Bar number, if attorney)
              <u>Marie A Mattox</u>
              (Type or print name)
Date:  <u>06/18/2020</u>

Filing # 109093860 E-Filed 06/18/2020 10:24:22 PM

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT, IN AND
FOR ALACHUA COUNTY, FLORIDA

**SANDRA MITCHELL-GRADY,**

CASE NO.: 20-CA- 1648
FLA BAR NO.: 0739685

**Plaintiff,**

v.

**BOARD OF TRUSTEES of the
UNIVERSITY OF FLORIDA,**

**Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**BOARD OF TRUSTEES FOR THE UNIVERSITY OF FLORIDA
c/o Mori Hosseini, Chairman of the Board
123 Tigert Hall
Gainesville, FL 32611**

Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2020.

CLERK OF THE CIRCUIT COURT



By:_____
Deputy Clerk

DEFENDANT'S NAME TO BE SERVED DOES NOT MATCH THE DEFENDANT'S NAME ON THE COMPLAINT

1

Filing # 109093860 E-Filed 06/18/2020 10:24:22 PM

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT, IN AND
FOR ALACHUA COUNTY, FLORIDA

**SANDRA MITCHELL-GRADY,**

     **Plaintiff,**

**v.**

**BOARD OF TRUSTEES of the
UNIVERSITY OF FLORIDA,**

     **Defendant.**

_____/

**CASE NO.: 20-CA-** 1648
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **DIVISION OF RISK MANAGEMENT
     Department of Financial Services
     200 East Gaines Street
     Tallahassee, FL 32399**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____June 19_____, 2020.

J.K. "JESS" IRBY, ESQ.
CLERK OF THE CIRCUIT COURT
CIVIL DIVISION
201 E UNIVERSITY AVE
GAINESVILLE, FL 32601

J.K. "JESS" IRBY, ESQ.
CLERK OF THE CIRCUIT COURT



By: _Elizabeth Hancock_
Deputy Clerk

Filing # 113307176 E-Filed 09/14/2020 01:28:16 PM

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT, IN AND
FOR ALACHUA COUNTY, FLORIDA

**SANDRA MITCHELL-GRADY,**

**CASE NO.: 20-CA-1648**
**FLA BAR NO.: 0739685**

     **Plaintiff,**

**v.**

**BOARD OF TRUSTEES of the**
**UNIVERSITY OF FLORIDA,**

     **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **BOARD OF TRUSTEES of the UNIVERSITY OF FLORIDA**
     **c/o Mori Hosseini, Chairman of the Board**
     **123 Tigert Hall**
     **Gainesville, FL 32611**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____, 2020.

CLERK OF THE CIRCUIT COURT


By:_____
Deputy Clerk



**ALACHUA COUNTY SHERIFF'S OFFICE**
**ALACHUA COUNTY, FLORIDA**



# NON-ENFORCEABLE RETURN OF SERVICE

**Document Number:** ASO20CIV008671NON          **Agency Number:**
**Court:** CIRCUIT
**County:** ALACHUA   ·
**Case Number:** 20CA1648

**Attorney/Agent:**
ACCURATE SERVE OF TALLAHASSEE

400 CAPITAL CIR SE, STE 18291
TALLAHASSEE, FL  32301

**Plaintiff:**   SANDRA MITCHELL-GRADY
**Defendant:**  BOARD OF TRUSTEES OF THE UNIVERSITY OF FLORIDA

**Type of Process:** SUMMONS, COMPLAINT

PERSON TO BE SERVED:  BOARD OF TRUSTEES OF UF - C/O MORI HOSSEINI, CHAIRMAN OF THE BOARD
                      123  TIGERT HALL , GAINESVILLE, FL

Received the above named writ on 9/18/2020 at 3:47 PM, and served the same on 9/24/2020 at 9:59 AM, in Alachua
County, Florida, to MARY ASHLEY MCCOLLOUGH, GEN COUNSEL.

MR HOSSEINI DOES NOT WORK OUT OF OFFICE. ATTY AUTHORIZED SERVICE TO AN AUTHORIZED PERSON
AT OFFICE. GENERAL COUNSEL MCCOLLOUGH ADVISED SHE IS AUTHORIZED TO ACCEPT SERVICE FOR MORI
HOSSEINI

SADIE DARNELL
ALACHUA

By: _____ #393
                            N. YANCY, 393

Service Fee:     $40.00
Receipt No:      64982-20-D



Printed By:  CVALEA

Filing # 113307176 E-Filed 09/14/2020 01:28:16 PM

8671

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT, IN AND
FOR ALACHUA COUNTY, FLORIDA

**SANDRA MITCHELL-GRADY,**

    **Plaintiff,**

**CASE NO.: 20-CA-1648**
**FLA BAR NO.: 0739685**

v.

**BOARD OF TRUSTEES of the**
**UNIVERSITY OF FLORIDA,**

    **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **BOARD OF TRUSTEES of the UNIVERSITY OF FLORIDA**
    **c/o Mori Hosseini, Chairman of the Board**
    **123 Tigert Hall**
    **Gainesville, FL 32611**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on   **SEPTEMBER 14**  , 2020.



J.K. "JESS" IRBY, ESQ.
CLERK OF THE CIRCUIT COURT

By: _____
Deputy Clerk

J.K. "JESS" IRBY, ESQ.
CLERK OF THE CIRCUIT COURT
CIVIL DIVISION
201 E UNIVERSITY AVE
GAINESVILLE, FL 32601

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT, IN AND
FOR ALACHUA COUNTY, FLORIDA

SANDRA MITCHELL-GRADY,                 CASE NO.: 20-CA-
                                       FLA BAR NO.: 0739685
    Plaintiff,

v.

BOARD OF TRUSTEES of the
UNIVERSITY OF FLORIDA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, SANDRA MITCHELL-GRADY, hereby sues Defendant, BOARD OF

TRUSTEES of the UNIVERSITY OF FLORIDA, and alleges:

### NATURE OF THE ACTION

1.    This is an action brought under the Florida Civil Rights Act, codified at Chapter

760, Florida Statutes and Chapter 440, Florida Statutes.

2.    This action involves claims which are, individually, in excess of Thirty Thousand

Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3.    At all times pertinent hereto, Plaintiff, SANDRA MITCHELL-GRADY, has been

a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a

protected class due to her race, actual or perceived disability and/or record of impairment, and

her on the job injury sustained on or around December 4, 2018. She was retaliated against after

reporting Defendant's unlawful employment practices and after filing to obtain benefits under

Chapter 440, Florida Statutes.

4.    At all times pertinent hereto, Defendant, BOARD OF TRUSTEES of the UNIVERSITY OF FLORIDA, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.    Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on March 29, 2019. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.    Plaintiff, a disabled black female and workers' compensation beneficiary, began her employment with Defendant on or about July 8, 2014, and held the position of Senior Administrative Assistant at the time of her termination on February 25, 2019.

7.    Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her race, actual or perceived disability, and because she reported Defendant's unlawful employment activities as well as an on the job injury and sought workers' compensation benefits and was subject to retaliation thereafter.

8.    The disparate treatment and retaliation came at the hands of specifically but not limited to Vice-President/General Counsel/Deputy General Counsel Amy Hass, Deputy General Counsel Ryan Fuller, Senior Director/ Assistant University Secretary Melissa Orth, Executive

2

Assistant Brigit Dermott, Executive Assistant Becky Holt, Executive Assistant/Administrative Assistant Kristina Souza, and Attorney Ana Spiguel, who are all white.

9.     Defendant is a public university that consists, in part, of several different departments. Each department is located in its own specific office belonging to Defendant and is run by the vice-president of that department. Each vice-president reports only to the president of Defendant. Examples of these departments include but are not limited to administration, construction, and accounting.

10.     Plaintiff was employed in the administration department of Defendant. There were approximately fifteen (15) employees in the administration department at the time of her employment. Out of those fifteen (15) employees, the only other black employee besides Plaintiff was Attorney Paul Stern, a bi-racial male.

11.     Soon after Plaintiff was hired, she was told by several employees of Defendant who worked in departments other than hers that there was racial discrimination and lack of cultural diversity in the workplace, and that Defendant was under scrutiny for not hiring more black employees, particularly in the administration department.

12.     Executive Assistant Becky Holt was assigned to train Plaintiff in her position as well as cross-train in Executive Assistant Holt's position as a back-up. She was immediately subjected to Executive Assistant Holt's unwillingness to train and cross-train. On or around the first week of Plaintiff's employment, Executive Assistant Holt took a week-long vacation and left her with no training.

13.     When Executive Assistant Holt returned, she gave her handbooks to read in lieu of training. However, Plaintiff was expected to know how to provide assistance to an attorney,

3

perform as acting Executive Assistant, maintain public records, and assist at the Board of Trustees' meeting.

14.     Plaintiff was immediately subjected to racially disparate treatment by Executive Assistant Holt. When Plaintiff asked Executive Assistant Holt if she treated her this way because she was black, Executive Assistant Holt replied that she had to grow up around black people and ride the bus with all blacks, who picked on her.

15.     Plaintiff reported this to Deputy General Counsel Amy Hass but no corrective action was taken. Deputy General Counsel Hass told her the reason she was treated this way by Executive Assistant Holt was that Executive Assistant Holt wanted to hire a white girl.

16.     Plaintiff was also required to perform administrative work for Attorney Ana Spiguel. Attorney Spiguel described people by color, saying things like "this black man." When she reported to her supervisor, Deputy General Counsel Ryan Fuller, that this racially discriminatory behavior made her uncomfortable, no corrective action was taken.

17.     In addition, Defendant encouraged a culture of racism in the workplace by allowing its employee, Executive Assistant/Administrative Assistant Kristina Souza, to subject Plaintiff to racist remarks such as expressing disgust over Deputy General Counsel Fuller swimming in water with black people during his work trip to Africa, and telling Plaintiff that she had never worked with a black person and did not have any black friends.

18.     When Executive Assistant Holt was hired as Senior Vice President in another department, Vice President Jamie Keith asked Plaintiff to work in Executive Assistant Holts' position until she hired another Administrative Assistant. She complied, and then requested to be considered for the position on a permanent basis. The position would have paid between

4

approximately $28,000 to approximately $50,000 more per year than what she earned at that
time.

19. After working in this temporary position for a short time, she realized she could
not perform this position without more training. She withdrew her request after Defendant did
not offer her more training.

20. Defendant instead hired Brigit Dermott, who is white. Executive Assistant
Dermott was given training and pay that Defendant never offered Plaintiff for performing the
same duties.

21. On or around September 1, 2018, Deputy General Counsel Hass, a white female,
became the General Counsel and Ryan Fuller, a white male, became the Deputy General
Counsel.

22. Defendant fired Attorney Paul Stern, the only other black employee, on or around
November 1, 2018. Upon information and belief, there was no justified reason for his
termination.

23. Plaintiff was denied pay raises while white employees received significant pay
increases. Plaintiff asked her supervisors multiple times over a four (4) month period for a raise,
and they finally gave her a pay raise of only $3,500 on or around November 15, 2019.

24. Executive Assistant/Administrative Assistant Kristina Souza, Barbara Wood, and
Senior Director/ Assistant University Secretary Melissa Orth, all white females, were personal
friends with Amy Hass and were given several pay raises. Executive ·
Assistant/Administrative Assistant Souza's pay went from approximately $54,000 to
approximately $61,000 and is now approximately $83,000 with no additional job duties; Senior

5

Director/ Assistant University Secretary Orth's pay raise was more than approximately $20,000. Wood's pay went from approximately $48,000 to approximately $54,000.

25.    Plaintiff reported this disparate treatment and no corrective action was taken. Instead, Defendant retaliated against her in a written memorandum. Plaintiff submitted a rebuttal and asked that it be placed into her personnel file with Human Resources. Defendant never submitted her rebuttal to Human Resources.

26.    Because General Counsel Hass did not want Dermott as her assistant and preferred Souza, Dermott's Executive Assistant position was transferred to another department. Souza was named Executive Assistant to General Counsel Hass with an increase in pay from approximately $61,000 to approximately $84,000.

27.    Thereafter, the disparate treatment worsened. Before Hass became General Counsel, Plaintiff had one supervisor like everyone else (Ryan Fuller). After Hass became General Counsel, Plaintiff's job duties changed drastically and she was assigned four (4) supervisors (Ryan Fuller, Shayne Thomas, Melissa Orth, and Amy Hass). On information and belief, no other employee in Plaintiff's position had to report to four (4) supervisors.

28.    On or around December 4, 2018, Plaintiff fell at work and injured her shoulder, elbow and knee. She filed a workers' compensation claim. Defendant was aware of her serious medical condition. This medical condition limits her ability to sit, stand, walk, write, type, and lift objects.

29.    On or around December 5, 2018, Defendant gave Plaintiff additional Board duties, which were a significant increase in Plaintiff's workload. Executive Assistant Souza had no Board duties. In addition to those duties, she was told that she would also be performing nearly the same duties as Executive Assistant Souza. Therefore, she would be performing more

6

work than Executive Assistant Souza, but be getting paid much less. At this time, Plaintiff's salary was approximately $61,000, compared with Executive Assistant Souza's salary of approximately $84,000.

30.     Also on that same date, General Counsel Hass became irate, and further humiliated Plaintiff by nearly slamming a book shut on her hand.

31.     Plaintiff was assigned a case worker for her workers' compensation claim for her injury on December 4, 2018. This case worker accompanied her to all her doctor's appointments, and spoke with Plaintiff's doctor without Plaintiff present. This is in stark contrast to Defendant's treatment of its white employees who file workers' compensation claims for legitimate injuries, specifically but not limited to Debra Hunter and Barbara Wood, who are both white females.

32.     Debra Hunter has carpal tunnel syndrome and filed a workers' compensation claim. No case worker was assigned to her workers' compensation case. No one came with her to doctor's appointments, and she was not treated less favorably by Defendant after filing her claim.

33.     Barbara Wood fell at work, injured her rear and back, and filed a workers' compensation claim. She was allowed accommodations such as working from home and was not treated less favorably after filing her claim. She was also not assigned a case worker nor accompanied to doctor's appointments.

34.     On or around February 12, 2019, Plaintiff asked Senior Director/ Assistant University Secretary Orth for a reasonable accommodation. Due to her injuries, particularly her extreme arm pain, she needed help with some of her numerous duties. She requested help with the duties that required her to run PowerPoint presentations while simultaneously taking notes as lead minute taker for seven (7) different committees in meetings that occurred nearly every day

7

and lasted up to eight (8) hours. Senior Director/ Assistant University Secretary Orth said that the committees could run their own PowerPoints, but this accommodation was never provided.

35.    Approximately one week after speaking with Senior Director/ Assistant University Secretary Orth, she asked another one of her supervisors, General Counsel Hass, for the same accommodation. No accommodation was provided, and Plaintiff continued to perform all of her duties, which exacerbated her conditions and caused her extreme pain. Further, no one else in a similar position had as many duties as her.

36.    She also requested help with lifting objects, as she could not carry all the heavy objects required for these meetings. Defendant did not provide an adequate accommodation. Plaintiff was provided help unloading objects for the PowerPoint presentations once she transported them to different rooms, but she was still made to load all the heavy equipment, including but not limited to computer printers, onto a dolly and push the dolly into the rooms. This duty aggravated her medical conditions.

37.    Plaintiff opposed this denial of reasonable accommodations for her disability to Defendant, and stated that it was not fair for her to be treated this way.

38.    Defendant retaliated against Plaintiff after she filed her workers' compensation claim and after she requested accommodations. During a phone call when she asked for help in running a new system that she had never been trained on, Senior Director/ Assistant University Secretary Orth screamed at her and slammed the phone down.

39.    On another occasion, General Counsel Hass became irate when she asked for help explaining the new system. General Counsel Hass snatched papers off Plaintiff's desk and stormed away.

8

40.     Defendant continued to mistreat her, and on or around February 25, 2019,

Defendant fired Plaintiff. Defendant gave no legitimate reason for Plaintiff's termination.

41.     Because Defendant gave no legitimate reason for her termination, Plaintiff's

termination was due to her race, disability, requests for accommodation for her disability, and in

retaliation for reporting race discrimination in the workplace as well as filing a legitimate

workers' compensation claim.

42.     Plaintiff has retained the undersigned to represent her interests in this cause and is

obligated to pay a fee for these services. Defendant should be made to pay said fee under the

laws referenced above.

**COUNT I**
**RACE DISCRIMINATION**

43.     Paragraphs 1 through 42 are re-alleged and incorporated herein by reference.

44.     This is an action against Defendant for discrimination based upon race brought

under Chapter 760, Florida Statutes.

45.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in

that Plaintiff was treated differently than similarly situated employees of Defendants who are

white and has been subject to hostility and poor treatment on the basis, at least in part, of

Plaintiff's race.

46.     Defendant is liable for the differential treatment and hostility towards Plaintiff

because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

or it knew or should have known of these actions and inactions and failed to take prompt and

adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore,

Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully

set forth above because it allowed the differential treatment and participated in same.

47.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

48.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

49.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

50.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

51.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## DISABILITY DISCRIMINATION

52.     Paragraphs 1 through 42 are re-alleged and incorporated herein by reference.

53.     This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes, and the Americans with Disabilities Act 42 U.S.C. §12101, et. seq.

54.     Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

10

55.      Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant.  Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

56.      In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

57.      The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination.

58.      Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under Americans with Disabilities Act.

59.      As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

### COUNT III
### RETALIATION – SECTION 440.205

60.      Paragraphs 1 through 42 are re-alleged and incorporated herein by reference.

11

61.    This is an action against Defendant for retaliation under §440.205, Florida Statutes. At all times pertinent hereto, Defendant has been subject to Chapter 440, Florida Statutes.

62.    Plaintiff was employed with Defendant when she was injured on the job. Plaintiff sought compensation and/or benefits including without limitation medical care under Chapter 440, Florida Statutes and was retaliated against for making or attempting to make such a claim.

63.    Defendant retaliated against Plaintiff because she was injured on the job and had a valid claim for compensation and benefits under Chapter 440.

64.    Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from coercing, retaliating against or otherwise adversely affecting an employee who attempts to or does claim entitlement to workers' compensation benefits under the laws of the State of Florida.

65.    As a direct and proximate cause of the actions set forth in part above, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue today. Plaintiff is also entitled to injunctive/equitable relief.

## COUNT IV
## RETALIATION

66.    Paragraphs 1 through 42 are re-alleged and incorporated herein by reference.

67.    Defendant is an employer as that term is used under the applicable statutes referenced above.

68.    The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under

12

Chapter 760, Florida Statutes, the Americans with Disabilities Act and Title VII of the Federal Civil Rights Act and other statutory provisions cited herein.

69.    The foregoing unlawful actions by Defendant were purposeful.

70.    Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

71.    Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

72.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to

13

Plaintiff from Defendant for Defendant's violations of law enumerated

herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining

Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff

attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the

circumstances, including but not limited to reinstatement.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 17th day of June 2020.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

14

Filing # 114420420 E-Filed 10/05/2020 12:30:12 PM

# VERIFIED RETURN OF SERVICE

Job # T203355

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| SANDRA MITCHELL-GRADY | |
| -versus- | |
| **DEFENDANT:** | County of Alachua, Florida |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF FLORIDA | Court Case # **20-CA-1648** |

**Service Info:**

**Date Received by Accurate Serve: 9/15/2020** at **09:15 AM**
**Service: I Served DIVISION OF RISK MANAGEMENT, DEPARTMENT OF FINANCIAL SERVICES**
With: **SUMMONS; COMPLAINT**
by leaving with **Colby Nutting, AUTHORIZED TO ACCEPT**

**At Business 200 EAST GAINES STREET TALLAHASSEE, FL 32399**
On **9/16/2020** at **12:25 PM**
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

**Served Description: (Approx)**

Age:_____, Sex:_____, Race:_____, Height:___' __", Weight:_____, Hair:_____ Glasses:_____

I **BRENNAN FOGARTY** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.



**BRENNAN FOGARTY**
Lic # **230**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32601
Phone: (850) 519-5494

Our Job # **T203355**




"2020 CA 001648" 114420420 Filed at Alachua County Clerk 10/05/2020 12:30:15 PM EDT

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA**

**SANDRA MITCHELL-GRADY,**

      Plaintiff,

v.                                                                      **Case No.: 2020 CA 1648**
                                                              **Circuit Civil Division: K**

**BOARD OF TRUSTEES of the
UNIVERSITY OF FLORIDA,**

      Defendant.

_____/

## <u>NOTICE OF APPEARANCE</u>

    **PLEASE TAKE NOTICE** that Robert J. Sniffen of Sniffen & Spellman, P.A., hereby

enters his appearance as counsel of record for the Defendant, **BOARD OF TRUSTEES of the**

**UNIVERSITY OF FLORIDA**. All correspondence, pleadings, notices, and other materials filed

or issued in this cause should be directed to the undersigned as counsel of record at the address

listed below.

    Dated this 12th day of October, 2020.

Respectfully submitted,

*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant, Board of Trustees of the University of Florida*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of October, 2020, a true and exact copy of the foregoing was furnished via the Florida Court's E-Filing Portal to all counsel of record.

*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**